# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

_____

No. 22-10020-A
_____

**UNITED STATES OF AMERICA,**

Appellee,

v.

**JOSEPH JOHN DEBLASI,**

Appellant.
_____

**APPEAL FROM THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF FLORIDA**
_____

**INITIAL BRIEF OF APPELLANT**
_____

> **David Anthony Wilson**
> **Florida Bar Number 0893675**
> **201 SW 2nd Street, Suite 101**
> **Ocala, Florida 34471**
> **Telephone: 352-629-4466**
> **Facsimile: 352-732-6469**
> **E-Mail: david@dwilsonlaw.com**
> **Counsel for Appellant**

No. 22-10020-A

*United States of America v. Joseph John Deblasi*

**C**ERTIFICATE OF **I**NTERESTED **P**ERSONS
**A**ND **C**ORPORATE **D**ISCLOSURE **S**TATEMENT

The persons listed below are interested in the outcome of this case:

Byron, David P., Esq.

Coody, Jason R., Esq.

Deblasi, Joseph J.

Elsey, Christopher, Esq.

Jones, Hon. Gary R.

Wilson, David Anthony, Esq.

Winsor, Hon. Allen C.

No publicly traded company or corporation has an interest in the outcome of this appeal.

## **STATEMENT REGARDING ORAL ARGUMENT**

Counsel leaves to the discretion of the appellate court whether oral argument would be of benefit to a determination of the issue raised herein.

## **TABLE OF CONTENTS**

 **Page(s)**

Certificate of Interested Persons ...................................................................C1 *of* 1

Statement Regarding Oral Argument ....................................................................i

Table of Contents....................................................................................................i

Table of Authorities ............................................................................................ iii

Statement of Jurisdiction........................................................................................v

Statement of the Issue ...........................................................................................1

Statement of the Case............................................................................................2

Course of Proceedings and Disposition in the Court Below .....................................2

Statement of the Facts...........................................................................................3

Standard of Review................................................................................................8

Summary of the Argument....................................................................................9

Arguments and Citations of Authority..................................................................9

    The District Court erred in denying the defense's motion to continue to secure the presence and testimony of a government witness who had,

      the night before the trial, made statements potentially exculpating the appellant.

Conclusion ..................................................................................................... 11

Certificate of Compliance………………………………………………………12

Certificate of Service ..................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**                                                                 **Page(s)**

*United States v. Alejandro*,

    118 F.3d 1518 (11th Cir. 1997)................................................................1,14,20

*United States v. Cross*,

    98 F.2d 1030 (11th Cir. 1991)...........................................................................13

*United States v. Darby*,

    744 F.2d 1508 (11th Cir. 1984)......................................................................1,14

*United States v. Graham,*

    643 F.3d 885 (11th Cir. 2011)...........................................................................19

*United States v. Wright*,

    63 F.3d 1067 (11th Cir. 1995)...........................................................................14

**Statutes**

18 U.S.C. § 3006A...................................................................................................2

18 U.S.C. § 3231....................................................................................................vi

18 U.S.C. § 3742....................................................................................................vi

21 U.S.C. § 841(a)(1)...............................................................................................2

21 U.S.C. § 841(b)(1)(A).........................................................................................2

21 U.S.C. § 851........................................................................................................2

# **TABLE OF AUTHORITIES cont'd**

**Statutes**                                                                 **Page(s)**

28 U.S.C. § 1291 ...........................................................................................vi

**Rules**

Fed. R. App. P. 32(a)(7)(B) ........................................................................21

Fed. R. App. P. 32(a)(7)(B)(iii)) .................................................................21

iv

## **STATEMENT OF JURISDICTION**

The United States District Court, Northern District of Florida, Gainesville Division, had jurisdiction pursuant to 18 U.S.C. § 3231. The judgment and commitment order was entered on December 21, 2021. (Doc 72). A timely notice of appeal was filed on December 28, 2021. (Doc 74). Jurisdiction now lies with this Honorable Court under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## **STATEMENT OF THE ISSUE**

Whether the District Court erred in denying the defense's motion to continue to secure the presence and testimony of a government witness who had, the night before the trial, made statements potentially exculpating the appellant where the only factor the court considered was the convenience of the jury.

## STATEMENT OF THE CASE

### (i)     Course of Proceedings and Disposition in the Court Below

A one-count indictment was filed in the Northern District of Florida on March 21, 2021, charging Appellant Joseph John Deblasi with possession with intent to distribute conspiracy with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Doc. 1.

The offense was alleged to have occurred on December 29, 2020 and involved more than 50 grams or more of methamphetamine. The indictment further alleged that Mr. Deblasi had previously been convicted in the State of Florida of the offense of trafficking less than 28 grams of methamphetamine, which was stated to be a serious drug felony. Doc. 1.

On April 2, 2021 the government filed its Information and Notice of Prior Conviction pursuant to Title 21, United States Code, Sections 851, 841(a)(1), and 841(b)(1)(A). Doc. 18.

On August 10, 2021, after prior counsel had withdrawn from representation of the appellant, the undersigned was appointed to represent him pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. Doc. 41.

The jury trial commenced On October 4th, 2021, after which the jury returned a guilty verdict. Doc. 63.

On December 20, 2021, the appellant was sentenced to a term of imprisonment of 180 months followed by 10 years of supervised release and the judgment entered the following day. Docs. 71, 72. Mr. Deblasi timely filed his notice of appeal on December 28, 2021. Doc. 74. He remains incarcerated.

### (iii) Statement of the Facts

On December 28, 2020, an officer with the City of High Springs, Florida, police department saw a vehicle she described as a Jeep fail to stop at a stop sign. Doc. 89:136, 137. The officer got behind the Jeep and initiated a traffic stop. Doc. 89. While in the process of making the stop, the officer could see inside of the vehicle and determine there to have been two occupants Doc. 89:141.

The officer saw the passenger's arm reach towards the passenger side window. Doc. 89:143. She did not see the arm of the driver reach towards the passenger window. Doc. 89:143. She then noticed a large baggie containing a white substance come out of the passenger side and land on the ground next to the Jeep. Doc. 89:144. Prior to the baggie falling to the ground she saw arm movement, but she could not tell whether the passenger used his left arm or his right. Doc. 89:177. She then exited her patrol car, noticed the baggie with the white substance on the ground next to the passenger side of the Jeep and approached the driver's side to make contact with the occupants. Doc. 89:146.

The officer was able to identify the driver as a Cecilla Wyatt and the passenger as the appellant, Joseph Deblasi. Doc. 89:148. Mr. Deblasi and Ms. Wyatt were arrested at the scene and the package was later determined to contain 66.6 grams of methamphetamine. Doc. 89:166, 167, 238.

Shortly after taking over representation of the appellant, defense counsel contacted Ms. Wyatt who stated that she was a government witness and refused to be interviewed. Doc. 88:46. Because of Ms. Wyatt's refusal to speak with the defense and the fact that she was apparently cooperating with the prosecution, the decision was made to not subpoena her for the trial. Doc. 88:46. Before the trial, the United States included Ms. Wyatt on its witness list. Doc. 53. The defense witness list identified [a]ny and all witness disclosed by the government or called during its case in chief, in rebuttal or otherwise. Doc. 55

During the trial but prior to the jury having been sworn, counsel for Mr. Deblasi notified the court that he (the undersigned) had been notified that Ms. Wyatt had sent to the appellant's sister text messages taking responsibility for the drugs and indicating that the appellant had no knowledge of the presence of the methamphetamine and claiming that she was the one who threw it from the vehicle. Doc. 88:42, 43. The messages were sent to Mr. Deblasi's sister either the night prior to the trial or early the morning thereof. Doc. 88: 48.

4

Ms. Wyatt had been served a trial subpoena by the government, however, the week prior to the trial, she stopped communicating with the prosecution which had not previously interviewed her regarding the substance of her potential testimony. Doc. 88: 44, 49.

Counsel for Mr. Deblasi informed the court that he could not go forward with the trial with the knowledge that a government witness had essentially exonerated the appellant while there existed doubt that she would appear and testify pursuant to the subpoena. Doc. 88:45. The court recognized the request for a brief continuance but denied it due to the court's concern for inconveniencing the jury. Doc. 88:47, 49, 50.

After discussion, the court determined the proper course of action was to continue with pretrial matters and adjourn prior to swearing the jury to allow the defense the opportunity to contact the potential witness and then proceed with the trial the following day. Doc. 88:49, 50. The defense reiterated its belief that, given the circumstances, it could not go forward with the trial. Doc. 88:54. The court continued with pretrial matters and then adjourned for the day. Doc. 88:56, 88.

The following morning counsel for the appelant addressed the status of the potential witness. Doc 89:90. He represented that he had contacted witness after court the prior day and that she had acknowledged sending the messages in question;

5

that the representations were true; that she had been subpoenaed by the government and that she would appear and testify as required. Doc. 89:90, 91. Counsel then stated that she again ceased communication after that conversation. Doc. 89:91.

The defense indicated it could not go forward with the trial absent the witness' presence and asked that trial be continued until her appearance could be secured and suggested she could be taken into custody as a material witness. Doc. 89:92, 93. The court denied the defense's request for a continuance and proceeded with the trial. Doc. 89:99, 101.

During a discussion regarding evidentiary related matters, the court asked the government if it knew where the witness, Ms. Wyatt, was located. Doc. 89:195. The government's responded that, when she was served with the subpoena, it was at a gas station where she told them to meet her. Doc. 89:195. The government further stated it had the address of Ms. Wyatt's mother and a partial name of an individual she stated on jail calls that she had been staying with. Doc. 89:195, 196. While this was transpiring, counsel for the appellant was attempting to locate an address where the witness might be found. Doc. 89:197.

Later in the trial the court asked again about the defense's communications with Ms. Wyatt. Doc. 89:256, 257. The defense stated that, after Ms. Wyatt had agreed to be present at the trial to testify, again stopped communicating. Doc. 89:

6

257, 258.

After the government rested, the defense asked to call the appellant's sister, the recipient of the messages, for the sole purpose of authentication so that the messages could be entered into evidence based on the unavailability of the witness. Doc. 89:309, 310. The court noted that, although the government had subpoenaed the witness, the defense had not, and acknowledged the situation to be unusual. Doc. 89:312.

The government, stating it had Ms. Wyatt under subpoena, informed the court it was then releasing her from the subpoena. Doc. 89: 313. The court then raised the question as to whether a subpoena is a court order merely requiring the witness to appear or to testify. Doc. 89:316. The court then moved on to the question of whether the messages were supported by corroborating circumstances that clearly indicated their trustworthiness. Doc. 89:316, 317. In response to the court's query, counsel for the appellant acknowledged that apart from the fact that the statements were against Ms. Wyatt's interests and having no independent information that she made any contradictory statements, the defense had no additional information on the subject. Doc. 89:318.

Ultimately the court denied the defense request to admit the messages based on the lack of trustworthiness. Doc. 89:322. As an alternative, the court likewise

7

denied the request based on the court finding the witness was not unavailable. Doc. 89:322. The court allowed the messages to be made a part of the record for appellate review. Doc. 89.323.

The appellant was thereafter found by the jury to be guilty of the offense charged. Doc. 63.

### (iii) <u>Standard of Review</u>

The denial of a motion for a continuance is reviewed for abuse of discretion. *United States v. Graham,* 643 F.3d 885, 893 (11th Cir. 2011).

## SUMMARY OF THE ARGUMENT

The district court erred in denying the defense's motion to continue the trial so that the appearance and testimony of a witness who had made statements exculpating the appellant could be secured where the reason for the denial was solely the convenience of the jury.

## ARGUMENT AND CITATIONS OF AUTHORITY

**The district court erred in denying the appellant's request for a continuance to attempt to secure the presence of a witness based solely on the convenience of the jury.**

The decision whether to continue a trial is committed to the sound discretion of the district court. *United States v. Cross,* 928 F.2d 1030, 1048 (11th Cir. 1991), *cert. denied,* 502 U.S. 985, 1060, 112 S. Ct. 594, 941, 116 L.Ed.2d 618 and 117 L.Ed.2d 112 (1991). To determine whether a denial of a continuance is arbitrary or unreasonable the appellate court considers: (1) the diligence of the defense in interviewing the witness and procuring his or her testimony; (2) the probability of obtaining the testimony within a reasonable time; (3) the specificity with which the defense was able to describe the witness's expected knowledge or testimony; and (4) the degree to which such testimony was expected to be favorable to the accused, and the unique or cumulative nature of the testimony. *United States v. Wright*, 63 F.3d 1067 (11th Cir. 1995); *United States v. Cross*, 928 F.2d 1030 (11th Cir. 1991);

9

*United States v. Alejandro*, 118 F.3d 1518 (11th Cir. 1997). *See also United States v. Darby*, 744 F.2d 1508 (11th Cir. 1984).

 Here, the defense contacted the witness shortly after being appointed and attempted to interview her; however, she stated that she would not talk to the attorney. Based on this refusal and the impossibility to know the substance of her testimony at trial as well as the information that she would be a government witness, the decision was made to not subpoena her. It was not until literally the eve of the trial that she made statements to a third-party taking responsibility for the crime and, assuming the jury would find to be credible, exonerating the appellant. The trial court acknowledged the diligence of the attorney in contacting the witness.

 The government had in its possession the address of the witness' mother and potentially the name of an individual she had been staying with as well as the name of the apartment complex where he resided. Both the government and the defense had a valid telephone number for the witness. It is therefore reasonable to assume that her presence and testimony could be procured within a reasonable time.

 The defense furnished to the court the exact messages that the witness had sent to the defendant's sister and was able to recite to the court the substance of the discussions he had with her and to which she stated she would testify.

 The testimony of the witness, if believed, would operate to exonerate the

10

appellant and was therefore absolutely favorable to him and not cumulative to any other evidence or testimony.

Because the court denied the defense's request for a continuance not on any of these factors but solely based on the convenience of the yet to be sworn jury, the denial was arbitrary and capricious.

As a result, the appellant's conviction must be reversed.

## **CONCLUSION**

Based on the foregoing, Mr. Deblasi requests that his conviction be reversed and the case remanded for further proceedings consistent with the law and the arguments set forth herein.

Respectfully submitted,

*/s/ David Anthony Wilson*
David Anthony Wilson
Florida Bar No. 0983675
201 SW 2nd Street, Suite 101
Ocala, Florida 34471
Telephone: 352-629-4466
Facsimile: 352-732-6469
E-Mail: david@dwilsonlaw.com
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 2,717 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Brief of Appellant was filed with the Clerk of the Court using the CM/ECF system which will automatically send electronic notice of this filing to the United States Attorney's Office on this 4th day of May, 2022.

I further certify that a true and correct copy of the foregoing was furnished by U.S. Mail to the appellant, Joseph John Deblasi, Reg. No. 36329-509 c/o FCI Coleman Medium, Federal Correctional Institution, P.O. Box 1032, Coleman, Florida, 33521 on this 4th day of May, 2022.

　　　　　　　　　　　　　　　　　　　　*/s/ David Anthony Wilson*
　　　　　　　　　　　　　　　　　　　　David Anthony Wilson